UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICHAEL R. RUBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00002-SEB-KMB |
| | ) |
| FLOYD COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Michael Ruby is a prisoner currently incarcerated at Floyd County Jail. He filed this civil action alleging that he was subjected to unconstitutional conditions of confinement. Because Mr. Ruby is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Ruby names the following defendants: (1) Floyd County Jail; (2) Floyd County; (3) Officer Holbrok; (4) Officer Martin; (5) Officer Burelle; (6) The A.M. Nurse; (7) Officer Gaudet; (8) The Sheriff; (9) Jail Commander; (10) Sgt. Bird; (11) Lt. Gibson; (12) Officer White; (13) Public Defender; and (14) Judge Stiller.

According to his complaint, Mr. Ruby was housed in the L-Block housing unit of the Jail from November 29, 2023, through December 27, 2023, with another detainee who would consistently defecate in the shower and in his jumpsuit. The inmate would also track feces into the day room. Mr. Ruby and other inmates complained about the inmate and were told the situation would be investigated. At one point, officers removed the inmate and compelled him to shower, but they then returned him to the L-Block where he resumed defecating in common areas. Mr. Ruby would often clean the feces, and when he asked for proper cleaning supplies, he was not given any. Mr. Ruby asked to speak with the Sheriff and Jail Commander about the situation but was not allowed to do so.

Mr. Ruby also alleges he was humiliated by having to undergo two strip searches before being moved from book-in to a housing unit. He also states that officers used rude and demeaning language to inmates, telling them to "shut the f*** up" and provoking them to fight for entertainment. Dkt. 1 at 2.

Mr. Ruby also states that he wants to sue Judge Stiller and his public defender for denying him the right to a fast and speedy trial.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

**A. Conditions in the L-Block**

Inmates cannot be subjected to unconstitutional conditions of confinement, and being placed in a housing unit with constant exposure to another inmate's feces certainly meets the standard of an inhumane condition. *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021); *Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020).

However, Mr. Ruby does not explain who failed to respond to the situation by not moving the problematic inmate or not providing the other inmates with access to adequate cleaning supplies. "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  Mr. Ruby names some individual officers in his complaint, but he does not include any factual allegations about their involvement. He also states that he asked to speak with the Sheriff and Jail Commander about the situation but was denied—indicating that they were not aware of the situation.

Mr. Ruby may also want to hold the County and the Sheriff responsible under the theory established in *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean v. Wexford Health Sources, Inc*., 18 F.4th 214, 235 (7th Cir. 2021). "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

"Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up). Liability may attach in two circumstances. First, "if an express municipal policy or affirmative municipal action is itself unconstitutional, . . . a plaintiff has a straightforward path to holding the municipality accountable . . . [and] a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Id*. (cleaned up). Second, a plaintiff may show "gaps in express policies or . . . widespread practices that are not tethered to a particular written policy—situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id.* (cleaned up). Under this theory, a plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id*. (cleaned up).

Being forced to share living space with an inmate who cannot control his bowels is unfortunate and certainly undermines Mr. Ruby's right to live in constitutional conditions of confinement. But Mr. Ruby does not allege that this circumstance is due to an express policy, and there is no indication that there is a pattern of this situation. Accordingly, he has not stated a *Monell* claim against the County or the Sheriff in his official capacity. Further, the Floyd County Jail is **dismissed** because it is a building, not a suable entity. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018)

## B. Strip-Search and Verbal Harassment

Mr. Ruby alleges that officers would use swear words and yell at inmates to shut up, and that they would encourage them to fight for their entertainment. "Standing alone, simple verbal

harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (officer allegedly used racially and sexually derogatory language). Verbal harassment may constitute a constitutional violation if the harasser is aware of a vulnerability of the plaintiff and uses that vulnerability to cause psychological distress, *see, e.g., Lisle v. Welborn*, 933 F.3d 705, 717 (7th Cir. 2019), but those circumstances are not alleged here.

A strip search may violate an inmate's rights if it is done in a manner that is intended to humiliate the inmate and cause psychological harm. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). But Mr. Ruby alleges only that inmates had to undergo two strip searches as a matter of course before being moved from the booking area to a housing unit. Without more, this is insufficient to state a constitutional violation.

Further, if Mr. Ruby amends his complaint to add facts supporting his claims related to the verbal harassment or strip searches, he must explain who was involved in these activities. *Colbert*, 851 F.3d at 657.

### C. Claims Related to Criminal Proceedings

Mr. Ruby's claims related to his right to a fast and speedy trial are also dismissed. This is because Judge Stiller is entitled to immunity for his actions taken in the state criminal case, even if Mr. Ruby believes the judge acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, a public defender does not act under color of state law when representing his or her client in a criminal proceeding, even if paid by public funds. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *Stewart v. City of Chicago*, 513 F. App'x 619, 620 (7th Cir. 2013). Thus, Mr. Ruby cannot state a claim against them under § 1983.

**D. Summary**

Mr. Ruby's conditions of confinement claims fail because he does not explain the defendants' involvement and does not attribute the conditions to a practice or policy of the Floyd County Sheriff's Department. His verbal harassment and strip search claims fail because the factual allegations do not arise to a constitutional violation, and he does not explain the defendants' involvement. His claims related to his criminal case fail because the judge is entitled to immunity, and his public defender is not a state actor. Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Ruby to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Ruby has **through June 10, 2024, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his

complaint, Mr. Ruby may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with his copy of this Order.

Any amended complaint should have the proper case number, 4:24-cv-00002-SEB-KMB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Ruby files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date:  5/10/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL R. RUBY
31759
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150

7